Mark E. Macy
Macy Law Office, P.C.
217 West 18th Street
Cheyenne, WY 82001
Telephone: (307) 632-4100
Telefax: (307) 632-8100
E-Mail: mark@macylaw.net
Wyoming Bar Number: 5-2651

*Attorney for the Plaintiff*
*Bogdan Abraham*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 OCT 1 PM 4 36

STEPHAN HARRIS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BOGDAN ABRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil No. 14-CV-197-S |
| GRAEBEL VAN LINES, INC. ) | |
| and JESSIE NAPIER, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES**
**and**
**DEMAND FOR JURY TRIAL**

*COMES NOW* the plaintiff, Bogdan ("Bobby") Abraham, through his attorney, Mark E. Macy of MACY LAW OFFICE, P.C., and hereby asserts claims against defendants Graebel Van Lines, Inc. ("Graebel") and Jessie Napier ("Napier") as follows:

### Nature of Action

1.      This is an action for damages against defendants arising out of a vehicle versus pedestrian collision, which occurred on April 19, 2014, on eastbound I-80 near mile post marker 124 in Sweetwater County, Wyoming.  More specifically, the accident occurred as a result of defendants' negligent, willful and malicious conduct when a Graebel commercial motor vehicle ("CMV"), being operated by defendant Napier under the DOT authority issued to Graebel,

traveled onto the shoulder of the highway and ran down the plaintiff, Bobby Abraham. Defendant Napier then fled the scene in what is known as a "hit-and-run" accident (hereinafter the "Accident"). Bobby was catastrophically and permanently injured in the Accident caused by defendants and has suffered economic and non-economic damages as a result. Accordingly, plaintiff seeks economic, non-economic and punitive damages against Graebel and Napier as a result of the Accident, and such other relief as may be deemed proper by the Court.

### Parties, Jurisdiction and Venue

2. Plaintiff Bobby Abraham is a citizen of the State of California.

3. Defendant Napier, upon information and belief, is a citizen of the State of Georgia and was an owner/operator and employee of Graebel, pursuant to §390.5 of the Federal Motor Carrier Safety Act ("FMCSA") as adopted by the State of Wyoming. Upon information and belief, at the time of the Accident, Napier was operating a CMV, and as such, is subject to both state and federal regulations and laws applicable to the operation of a CMV.

4. Defendant Graebel is a Wisconsin corporation having its principal place of business in the State of Colorado. Graebel is a regulated interstate motor carrier, primarily engaged in the enterprise of providing transportation services to the shipping public under authority granted by the United States Department of Transportation ("USDOT"). As a regulated interstate motor carrier, Graebel and its employees, including Napier, are subject to state and federal regulations and laws concerning the transportation of goods in interstate commerce, and regulations and laws concerning the operation, maintenance and repair of CMVs operated under Prime's USDOT authority.

5. This Court has original jurisdiction over this action pursuant to 28 USCA §1332( a) (Diversity) as the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and plaintiffs and defendants are citizens of different states.

6. Venue is proper in this Court pursuant to 28 USCA §1391(b) and (g) on the grounds that the events giving rise to, and which caused the Accident, took place in this judicial district.

### Factual Assertions

7. Plaintiff reincorporates and realleges Paragraphs 1 through 6 above as if fully restated herein.

8. On April 19, 2014, at approximately 5 p.m., Napier was operating a CMV eastbound on I-80 near mile post 124 in the right-hand lane as an employee or agent of Graebel.

9. On that same date, Bobby Abraham was operating a CMV, which had suffered a mechanical issue resulting in it being lawfully parked on the shoulder of I-80 eastbound in the same location. Acting in compliance with the FMCSA and Wyoming law, Bobby Abraham placed on the shoulder three warning triangles. As Bobby walked the shoulder to return to his vehicle, Napier traveled into the shoulder, running Bobby Abraham down and causing him catastrophic injuries. Napier then fled the scene despite knowing an accident had taken place.

10. Napier resumed his trip and left the State of Wyoming with the knowledge of Graebel.

11. As a result of the Accident caused by the defendants, Bobby Abraham suffered catastrophic and life-altering injuries, both mental and physical, including but not limited to:

    A. Closed head traumatic brain injury with loss of cognitive functioning;
    B. Respiratory failure, status post-tracheostomy requiring Bobby Abraham to be ventilator dependent;

C. Traumatic subarachnoid hemorrhage;
D. Cerebral vasospasm, secondary to subarachnoid hemorrhage, as a result of traumatic brain injury;
E. Altered level of consciousness and loss of cognitive ability secondary to traumatic brain injury and subarachnoid hemorrhage and cerebral vasospasm;
F. Pneumopericardium and pneumomediastinum secondary to trauma;
G. Rhabdomolysis;
H. Left facial fracture;
I. Left fibular fracture;
J. Bilateral extreme lower extremity wounds;
K. Recautering continuous wound care and wound VAC;
L. Tracheostomy and PEG;
M. Tube placement;
N. Bilateral extremity DVT and thrombopheleditis of the left upper extremity;
O. Placement of IVC filter and utilization of anticoagulation medication known as a real world poison, Coumadin;
P. Malnutrition as a secondary result of the acute injuries;
Q. Extreme muscle wasting to legs and arm;
R. Permanent cognitive loss as a result of traumatic brain injury and subarachnoid hemorrhage, resulting from the trauma from the Accident;
S. Onset of fever post-accident as the result of infection, related to accident-induced injury;
T. Anemia due to blood loss and trauma and need for transfusion;
U. Bilateral lower extremity DVT and thrombophlebitis of the left upper extremity;
V. Treatment with antibiotics as a result of post-trauma infection;
W. Multiple surgical procedures;
X. Degloving of the lower extremities;
Y. Respiratory failure;
Z. Cerebral vasospasms secondary to the subarachnoid hemorrhage;
AA. Severe emotional distress and depression as a result of extraordinary traumatic injury and cognitive losses;
BB. Extraordinary pain beyond the control of medications;
CC. Extensive and painful rehabilitation efforts;
DD. Left side depressed skull fracture with traumatic brain injury;
EE. Left frontal lobe infarct, bifrontal, subdural and subarachnoid hemorrhage;
FF. Cerebral edema;
GG. Fractures of the mandible and zygomatic arch maxilla;
HH. Intracranial hypertension;
II. Multiple fractures, including the proximal left fibula;
JJ. Tibial plateau fracture;

 KK. Crux injury to the left foot with fifth metatarsal fracture;
 LL. Open fracture of the right foot with degloving injury;
 MM. Degloving injury of the left popliteal fossa;
 NN. Open fracture of the left scapula body, requiring surgical intervention;
 OO. DVT right lower extremity, infermerol and DVT left lower extremity;
 PP. Gastrocnemius and peronaeal veins;
 QQ. Left cephalic superficial thrombophlebitis of the proximal left upper cephalic and distal upper arm cephalic veins;
 RR. The use of Phentinol in order to induce remained comatose;
 SS. Multiple and ongoing seizures as a result of traumatic brain injury;
 TT. Ischemia;
 UU. Elevated intracranial pressures resulting in brain damage;
 VV. Pulmonary injury as a result of traumatic insult;
 WW. Renal damage affecting kidney function;
 XX. Wound yeast infection;
 YY. Plastic surgery and the ongoing need for plastic surgery;
 ZZ. Need for continuous physical therapy, occupational therapy, speech therapy, neurocognitive therapy and daily care; and
 AAA. Additional injuries which have yet to be discovered due to the extraordinary state of the injuries suffered by Bobby Abraham.

12. As a result of the injuries suffered in the accident, Bobby Abraham has been forced to undergo extensive and lengthy inpatient rehabilitation and treatment, and has undergone multiple surgical procedures. (See Paragraph 11 above.)

13. As a result of injuries suffered in the accident, Bobby Abraham has suffered and will continue to suffer the following damages, including but not limited to:

 A. Past and future expenses for medical care, treatment and rehabilitation;
 B. Emotional and physical pain and suffering;
 C. Disability and/or an inability to live with a normal body;
 D. Loss of the enjoyment of life;
 E. Loss of income and loss of earning capacity, both past, present and future.

## COUNT I--NEGLIGENCE

14. Plaintiff reincorporates and realleges Paragraphs 1 through 13 above as if fully restated herein.

5

15. At the time of the Accident, and at all times leading up to the Accident, defendants owed the plaintiff, Bobby Abraham, and the public the duty to obey and drive within the conformities embodied in the common law, the laws of the State of Wyoming and the federal laws and regulations governing the operation of a CMV.

16. That defendant Napier, as an employee and agent of defendant Graebel, did then and there at the time of the Accident, and at all times relevant leading up to the Accident, displayed negligence and misconduct by causing the collision between the Graebel CMV operated by Napier and the pedestrian, Bobby Abraham.

17. At the time of the Accident and at all times relevant leading up to the Accident, defendants breached their duties owed to plaintiff and the public as follows:

    A. Driving at an improper rate of speed under the conditions then and there existing;
    B. In failing to keep a reasonable lookout for reasonable persons and vehicles using said highway;
    C. In failing to drive with due care and caution;
    D. In failing to take all possible precautions to avoid any collision with a pedestrian upon the shoulder of the roadway;
    E. In failing to make and/or renew observations of the conditions of traffic on the highway;
    F. Violation of Wyoming statutes governing the safe operation of a CMV;
    G. Operating a CMV with unqualified personnel,
    H. In failing to maintain his vehicle in a single driving lane; and
    I. Other acts or omissions that caused or contributed to the Accident.

18. As a proximate cause of defendants' negligence, Bobby Abraham was seriously injured as previously stated in Paragraph 11 above.

19. As a proximate result of said injuries and as a proximate result of defendants' negligence, plaintiff has suffered the damages identified in Paragraphs 11 and 13 above.

*WHEREFORE*, plaintiff now claims judgment against defendants for whatever amount the finder of fact finds he is entitled and such other relief as may be deemed proper and just by the Court.

### COUNT II--RESPONDEAT SUPERIOR

20. Plaintiff reincorporates and realleges Paragraphs 1 through 19 above as if fully restated herein.

21. At the time of the Accident and at all times relevant hereto, Graebel was the employer of Napier pursuant to FMCSA Regulation 390.5 as adopted by the State of Wyoming. Defendant Napier was acting within the course and scope of his employment with Graebel and operating the CMV under Graebel's DOT authority and with Graebel's permission at the time of the Accident.

22. In addition to the allegations as set forth above, Graebel is liable for defendant Napier's negligence under the doctrine of *Respondeat Superior*.

23. As a proximate cause of defendant's negligence, gross negligence and malice, which occurred while Napier was in the course and scope of his employment with Graebel, pursuant to the doctrine of *Respondeat Superior* and vicarious employer-employee liability, plaintiff was injured and suffered damages as previously stated in Paragraphs 11 and 13 above.

*WHEREFORE*, plaintiff now claims judgment against defendants for whatever amount the finder of fact finds he is entitled and such other relief as may be deemed proper and just by the Court.

### COUNT III--NEGLIGENT HIRING, TRAINING AND ENTRUSTMENT

24. Plaintiff reincorporates and realleges Paragraphs 1 through 23 above as if fully restated herein.

25. Defendant Graebel carelessly, recklessly, wantonly and negligently entrusted the operation of the CMV under its authority to defendant Napier in that the latter being a person incompetent, unqualified and unfit to drive a motor vehicle upon the highways of the State of Wyoming by reasons of Napier's inability, experience and consistently negligent driving, all of which was known by defendant Graebel, or should have been known in the exercise of reasonable care and caution by defendant Graebel and therefore, defendant Graebel is hereby guilty of negligence, independent of defendant Napier.

26. In addition to the allegations previously set forth, defendant Graebel is liable for the negligence, gross negligence, malice and actions of defendant Napier under the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations and United States Code as adopted by the State of Wyoming.

27. Graebel was further negligent in failing to ensure that its employee, Napier, adhered to the proper regulations and/or was properly supervised, trained or controlled in the operation of a CMV.

28. Defendant Graebel was further negligent in its supervision of defendant Napier.

29. The negligence of Graebel in directing, instructing, supervising and entrusting the CMV to defendant Napier was a cause of the collision.

30. As a direct and proximate result of Graebel's negligence, plaintiff was seriously injured and damaged as more fully set forth in Paragraphs 11 and 13 above.

**WHEREFORE**, plaintiff now claims judgment against defendants for whatever amount the finder of fact finds he is entitled and such other relief as may be deemed proper and just by the Court.

## COUNT IV--PUNITIVE DAMAGES

31. Plaintiff reincorporates and realleges Paragraphs 1 through 30 above as if fully restated herein.

32. Defendants Graebel and Napier's conduct leading up to and causing the Accident is so egregious that it displays willful, wanton and malicious conduct on the part of both defendants and therefore, plaintiff requests and is entitled to punitive damages as a matter of law, specifically but not limited to Napier traveling into the shoulder of the roadway, running down Bobby Abraham and leaving him to die upon the shoulder, and fleeing the scene, knowing the occurrence of the Accident. Thereafter, Graebel authorized Napier to continue in his travels and leave the State of Wyoming without regard for the injuries suffered by Bobby Abraham.

*WHEREFORE,* plaintiff now claims judgment against defendants for whatever amount the finder of fact finds he is entitled and such other relief as may be deemed proper and just by the Court.

**DATED** this 1st day of October, 2014.

BOGDAN ABRAHAM, Plaintiff

By: _____
Mark E. Macy
Macy Law Office, P.C.
217 W. 18th Street
Cheyenne, WY 82001
Telephone: (307) 632-4100
Telefax: (307) 632-8100
Email: mark@macylaw.net
Wyoming Bar Number 5-2651

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38 and P39, plaintiff Bogdan Abraham demands a trial by jury of all issues triable of right by a jury.

**DATED** this 1st day of October, 2014.

BOGDAN ABRAHAM, Plaintiff

By: _____
Mark E. Macy
Macy Law Office, P.C.
217 W. 18th Street
Cheyenne, WY 82001
Telephone: (307) 632-4100
Telefax: (307) 632-8100
Email: mark@macylaw.net
Wyoming Bar Number 5-2651
